UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 03-cr-249 (BAH) |
| CHARLES KING, JR., | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Charles King, Jr. is halfway into a five-year term of supervised release. Pending before the Court is his second motion for early termination of supervised release, pursuant to 18 U.S.C. § 3583(e)(1), based upon his unblemished supervision record and his significant progress reintegrating into the community. *See* Def.'s Mot. for Early Term. Super. Rel. ("Def.'s Mot."), ECF No. 146; Def.'s Reply in Supp. of Mot. ("Def.'s Reply"), ECF No. 149; Def.'s Ltr. (Jan. 25, 2019), ECF No. 150 (sealed).[1] The government opposes the pending motion because of the defendant's significant, violent criminal history involving offenses the defendant committed when he was a juvenile. Gov't's Opp'n Def.'s Mot. ("Gov't's Opp'n") at 3–4, ECF No. 148. For the reasons stated below, the defendant's motion is granted in part and denied in part. The defendant's term of supervised release is reduced from 60 months to 36 months, and at the government's suggestion, *see id.* at 5 n.3, the defendant is no longer required to submit monthly reports to the U.S. Probation Office.

---

[1] This case was directly reassigned to the undersigned on August 10, 2017, since the original sentencing Judge has retired. Min. Order (Aug. 10, 2017). Following that reassignment, the Court considered and denied the defendant's first motion for early termination, which was filed a little over a year into his term of supervised release. *See* Def.'s Mot. for Early Term. Super. Rel. (Aug. 9, 2017), ECF No. 142; Min. Order (Aug. 16, 2017) (denying the motion).

1

**I.     BACKGROUND**

On July 12, 2004, following a jury trial, the defendant was sentenced to a term of 151 months' imprisonment on possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) (Count One), to run consecutively with 60 months' imprisonment on one count of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count Two), for a total of 211 months' incarceration. *See* Judgment (July 12, 2004) at 2, ECF No. 64. The defendant was also sentenced to two, concurrent 60-month terms of supervised release. *Id.* at 3. The defendant was statutorily required to receive a minimum 60-month term of supervised release because of his conviction under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). *See* Presentence Investigation Report ("PSR") ¶ 57, ECF No. 151. Had no statutorily required term of supervised release applied, the defendant's conviction under §§ 841(a)(1), 841(b)(1)(A)(iii), a Class A felony, would have been subject to the recommendations of the U.S. Sentencing Guidelines. At the time the defendant was sentenced, those guidelines recommended at least three but not more than five years of supervised release for conviction of a Class A felony. *See* U.S.S.G. § 5D1.2(a)(1) (2003).[2] No statutorily required minimum term of supervised release applies to a conviction

---

[2] The 2003 guidelines were still in effect when the defendant was sentenced in July 2004. The guidelines were amended in 2011 to the current version, which recommend at least two years but not more than five years of supervised release upon conviction of a Class A felony. *See* U.S. SENTENCING GUIDELINES MANUAL, app. C, amend. 756 (Nov. 1, 2011), https://guidelines.ussc.gov/ac/756; U.S.S.G. § 5D1.2(a)(1) (2018).

under 18 U.S.C. § 924(c)(1).[3] The defendant's sentence on Count One was later reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2), *see* Order (Dec. 5, 2013), ECF No. 138.[4]

The defendant served 13 years and two months in prison, *see* Def.'s Mot. at 4, and his concurrent five-year terms of supervised release began on June 20, 2016 and are scheduled to end on June 19, 2021. *See* U.S. Probation Office Mem. at 1 (Aug. 15, 2017), ECF No. 143.

## II.  ANALYSIS

The defendant seeks relief from his five-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes termination of a term of supervised release "at any time after the expiration of one year of supervised release," so long as certain factors set out in § 3553(a) are considered and the release "is warranted by the conduct of the defendant [on supervision] and the interest of justice." 18 U.S.C. § 3583(e)(1). Both parties agree that this Court has the discretion to modify the defendant's term of supervised release even though he is subject to a statutorily mandated five-year term. *See* Gov't's Opp'n at 1; Def.'s Mot. at 3; *see also United States v. Harris*, 258 F. Supp. 3d 137, 142–43 (D.D.C. 2017) (BAH) (discussing this issue and concluding that the "weight of authority confirms that § 3583(e)(1) authorizes termination of [a] statutorily mandated term of supervised release . . . ") (citing cases and U.S. SENTENCING COMM'N, FEDERAL OFFENDERS SENTENCED TO SUPERVISED RELEASE 35 (July 2010)); *see also United States v. Wesley*, 311 F. Supp. 3d 77, 79 n.1 (D.D.C. 2018) (CKK) (same).

---

[3]  For offenses for which no term of supervised release is statutorily required, the U.S. Sentencing Guidelines recommend terms of supervised release based on the maximum term of imprisonment authorized. Both at the time the defendant was sentenced and currently, the maximum term of imprisonment for the defendant's § 924(c)(1)(A)(i) offense is life, making the offense a Class A felony, *see* PSR ¶ 54; 18 U.S.C. § 3559(a)(1) (2004); 18 U.S.C. § 3559(a)(1) (2019). The U.S. Sentencing Guidelines at the time the defendant was sentenced recommended a supervised release term of at least three but not more than five years for the defendant's § 924(c) conviction. *See* U.S.S.G. § 5D1.2(a)(1) (2003); PSR ¶ 61. As noted, *supra* n.2, the current guidelines recommend at least two years but not more than five years of supervised release upon conviction of a Class A felony.

[4]  The defendant's sentence for Count One had already been reduced from 151 months' imprisonment to 121 months' imprisonment following remand from the D.C. Circuit. *See* Amended Judgment (Dec. 3, 2008), ECF No. 101.

The D.C. Circuit has instructed, at least in the context of a denial of a motion for early termination of supervised release, that the district court explain its consideration of the relevant factors, unless "the reasons for denying the motion are apparent from the record." *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289–90 (D.C. Cir. 2015). The reasoning of the D.C. Circuit applies equally to a decision to grant such a motion. *Harris*, 258 F. Supp. 3d at 143. Accordingly, the Court first considers the relevant factors under § 3553(a) before turning to whether the defendant's post-incarceration conduct and the interest of justice warrant early termination of supervised release.

### A. Consideration of Applicable Factors Under 18 U.S.C. § 3553(a)

In evaluating a motion for early termination of supervised release, the Court must consider the following seven factors from § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (authorizing modification of supervised release "after considering the factors set forth in" § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7)). The fifth, sixth, and seventh factors, however, have limited relevance to the defendant because the Sentencing Commission has not promulgated guidelines or policy statements addressing early termination of supervised release, *see generally* U.S.S.G. Ch. 7, Pts. A & B, because the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry required in

evaluating a motion for early termination of supervised release," *Harris*, 258 F. Supp. 3d at 145, and because the defendant has no restitution obligations.

In considering the four remaining, relevant factors, the Court is cognizant that supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson* ("*Johnson I*"), 529 U.S. 53, 59 (2000); *see also Johnson v. United States* ("*Johnson II*"), 529 U.S. 694, 708–09 (2000) (recognizing the "congressional policy in providing for a term of supervised release . . . is to improve the odds of a successful transition from the prison to liberty"). In addition, the Supreme Court has noted the congressional "aim[] . . . to use the district courts' discretionary judgment to allocate supervision to those release[d] who need[] it most," *Johnson II*, 529 U.S. at 709. "The relevant factors under § 3553(a) are, consequently, evaluated mindful of the Supreme Court's clear articulation of the purpose of supervised release and the district court's discretion to limit terms of supervised release to those who need it." *Harris*, 258 F. Supp. 3d at 145 (internal quotation marks and alterations omitted).

Consideration of the first factor—the nature and circumstances of the offense—indicates that the defendant was driving a vehicle that was stopped for a license plate violation, and an ensuing search of that vehicle uncovered 106.6 grams of cocaine base, a loaded handgun, and cash. *See* PSR ¶¶ 4–6; Gov't's Opp'n at 1–2. As the government observes, this behavior "present[ed] a serious danger to the community," Gov't's Opp'n at 5, and was "even more alarming" in light of the defendant's criminal history, *id.* at 6.

The defendant concedes the seriousness of his conduct, but also notes that no violence occurred in connection with this offense. Def.'s Mot. at 4. Further, the defendant points out that

he has already served significant time for his offenses, *id.*, and that, had the Fair Sentencing Act of 2010 been made retroactive to his offense, the statutory mandatory minimum for his Count One conviction would have been 60 months' imprisonment rather than 120 months' imprisonment, and he therefore would already have completed both his sentence and his term of supervised release, *see* Def.'s Reply at 4–5.[5] Indeed, although neither party raises this issue, Congress recently made the Fair Sentencing Act retroactive to the drug offense for which the defendant was convicted. *See* First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, § 404.[6] Thus, any defendant sentenced for a crack cocaine offense before the 2010 effective date of the Fair Sentencing Act who did not receive the benefit of the statutory penalty changes made by that Act is now eligible for a sentence reduction.

While the defendant has already served his sentence and therefore cannot benefit from any sentence reduction, the Fair Sentencing Act and the First Step Act, taken together, are evidence that Congress has decided as a policy matter that a 120-month mandatory minimum sentence for the defendant's offense is no longer appropriate. These sentencing changes are relevant to the Court's consideration of a motion to reduce a term of supervised release. *See United States v. Epps*, 707 F.3d 337, 345 (D.C. Cir. 2013) (holding that a defendant's challenge to his sentence after he had been released but while he was still serving a term of supervised release was not moot because "there seems to be a very substantial likelihood that a ruling that [defendant's] incarceration should have been shorter would influence the district court's

---

[5]   The defendant's calculations do not appear to account for the fact that he still would have been subject to a statutorily mandated, consecutive 60-month term of imprisonment for his § 924(c) conviction. *See* 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D)(ii) (2004); PSR ¶¶ 11, 12. Thus, even if the Fair Sentencing Act had been applied, the defendant would have been required to serve 120 months in prison followed by a 60-month term of supervised release.
[6]   Although the First Step Act also changed the penalties for certain § 924(c) offenses, the defendant is unaffected by these changes because he was only charged with one § 924(c) offense, whereas the First Step Act's changes affect "stacked" § 924(c) offenses—that is, multiple § 924(c) offenses charged in one indictment. *See* First Step Act, § 403.

readiness to reduce his term of supervised release"). Congress has effectively indicated that the defendant's term of imprisonment should have been shorter.[7] Thus, while recognizing that the defendant's conduct was serious, the nature and circumstances of the offense, in light of changing Congressional policies regarding sentencing for that offense, suggest that, after serving a much longer period of incarceration than that to which he would have been subject had he been sentenced today, requiring continued supervision for a full five-year term is not necessary.

As for factors two and three—the important need to provide adequate deterrence of criminal conduct and to protect the public from further crimes—those also weigh favorably for the defendant. Since his release from prison, the defendant has complied with all the conditions of his supervised release, Def.'s Mot. at 5, and has shown an exemplary ability to reintegrate himself into the community. He maintains employment, takes care of his son, has purchased a condo, and has devoted himself to mentoring youth and assisting low-income families. *Id.* at 3–5; Def.'s Ltr. at 2. The government agrees that the defendant has "made substantial progress in becoming an active and contributing member of the community," Gov't's Opp'n at 4, and that he has complied with all the terms of his supervision, *id.* Nonetheless, the government contends that the "potential consequences that [defendant] faces if he is re-arrested provide[] an important deterrent effect. . . . [that] protects the community and provides further incentive for the defendant to ensure he continues on the path that he has begun." *Id.* at 6–7. At the same time, the government acknowledges the defendant's progress by suggesting a reduction in the level of supervision by allowing the defendant to forego his monthly reporting requirement. *See id.* at 5 n.3. The Court does not find that the deterrent effect of supervision weighs strongly in favor of

---

[7] Notwithstanding the Fair Sentencing Act and the First Step Act, the statutorily required term of supervised release for convictions under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) remains five years. *See* 21 U.S.C. § 841 (b)(1)(A).

7

requiring the defendant to serve his full five-year term of supervised release.  As noted, the defendant's full compliance with his conditions of release and his current lifestyle choices are positive, indicating that his risk of recidivism is low.

The Court makes this determination regarding recidivism despite what is undeniably a serious and troubling history of criminal conduct, most of which occurred while the defendant was a juvenile.  This criminal history, relevant to § 3553(a) factors one, two, and three, is the reason that both the government and the U.S. Probation Office oppose the defendant's motion.  Gov't's Opp'n at 4.  The defendant was twice convicted in juvenile court, once for a violent crime committed at the age of 13, PSR ¶¶ 23, 24.  In addition, from the age of 10 to the age of 20, the defendant was arrested five times.  *Id.* ¶¶ 27–31.  The defendant was 21 when he committed the crimes at issue in this case.  *See id.* at 1–2.  The defendant avers that his conduct both within prison and post-release demonstrate that "he has matured from a 21-year-old who recklessly possessed drugs and guns . . . to a responsible adult, productive citizen and loving and caring father."  Def.'s Mot. at 5.  Indeed, the defendant, now almost 38 years old, *see id.* at 3; PSR at 2, serves as a mentor to troubled youth because he is "committed to helping others that may stray down the path he did in his youth."  Def.'s Reply at 2.  While the Court takes seriously the government's concerns regarding the defendant's criminal history, the defendant's more recent, law-abiding conduct suggests that a full term of supervised release is not necessary to provide deterrence or to protect the public.

Under factor four, the defendant has been able to achieve remarkable success and full compliance with the terms of his supervised release without the need for additional support or supervision, suggesting that supervised release is not necessary to provide him with needed

educational or vocational training, medical care, or other correctional treatment. This factor weighs in favor of early termination of supervision.

B.      **Consideration of Interest of Justice Under 18 U.S.C. § 3583(e)(1)**

In addition to consideration of the factors under § 3553(a), the Court must be "satisfied" that early termination of supervised release "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). No "extraordinary or unusual conduct" during supervision is required to meet this standard. *See Harris*, 258 F. Supp. 3d at 148–50; *see also United States v. Borea*, No. 03-cr-33-A, 2018 U.S. Dist. LEXIS 170268, *1–2 (W.D.N.Y. Oct. 2, 2018) (no new or changed circumstances are required) (quoting *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam)).

In this case, the defendant's record of full compliance with all of the terms of his supervised release, in combination with his admirable record of full-time employment, mentorship to juveniles within the community, and participation in non-profit work to aid low-income families amply demonstrate that a full five-year term of supervised release is not necessary. Although the government suggests that continuing supervision would not impose significant limitations on the defendant since his "supervised release involves minimal requirements that do not impair his ability to work or engage in other activities. . . . [and that] Probation has routinely granted all requests for [him] to travel," Gov't's Opp'n at 4, for the defendant, these requirements are still burdensome, Def.'s Reply at 4.[8] Specifically, the defendant says that he cannot easily travel with his son because he must seek permission to do so and sometimes waits up to 10 days to receive permission. Def.'s Ltr. at 2. Such a travel

---

[8]     The defendant and the government appear to disagree over whether the defendant is still subject to drug testing. *Compare* Def.'s Reply at 4 & n.1, *with* Gov't's Opp'n at 4–5. Upon request from the Court, the U.S. Probation Office confirmed that the defendant is no longer required to submit to drug testing in light of his long-standing negative results.

restriction may be more burdensome in the relatively small geographic area of the District of Columbia than in much larger jurisdictions. *See* Amended Judgment at 4 (specifying that "the defendant shall not leave the judicial district without the permission of the court or probation officer").

Early termination of supervised release would also be in the "interest of justice." On this issue, the Court finds it significant that the defendant would have served 60 fewer months had the Fair Sentencing Act been made retroactive to his offense. Given the length of time that the defendant has already served, and his exemplary behavior within and outside of prison, the Court holds that some reduction of the defendant's term of supervised release is warranted.

Yet, in recognition of the fact that the defendant has, at this point, served only half of his original, statutorily mandated five-year term of supervised release and in light of concerns the government and the U.S. Probation Office raise concerning the defendant's criminal history, the Court holds that termination of supervised release is not warranted until the defendant has served more than half of his term. *See also* Gov't's Opp'n at 6 (suggesting that termination is not warranted at the moment but "may well be appropriate" in the future). Accordingly, the Court will reduce the defendant's term of supervised release to 36 months. A period of 36 months conforms to the low end of what the U.S. Sentencing Guidelines would have recommended for the defendant's convictions at the time he was sentenced, had he not been subject to the statutorily mandated five-year term of supervised release. *See* U.S.S.G. § 5D1.2(a)(1) (2003).

## III. CONCLUSION

Upon consideration of the defendant's Motion for Early Termination of Supervised Release, ECF No. 146, the related legal memoranda in support and in opposition, the defendant's

letter, and all of the relevant statutory purposes of supervised release according to 18 U.S.C. §§ 3553(a), 3583(e)(1), it is hereby

ORDERED that the defendant's motion is **GRANTED IN PART AND DENIED IN PART;** and it is further

ORDERED that the defendant's term of supervision shall be discharged as of June 20, 2019, upon successful completion of three full years of supervision, on the condition that no violations occur before that date; and it is further

ORDERED that the special condition requiring the defendant to submit monthly reports to the U.S. Probation Office shall be terminated immediately.

**SO ORDERED.**

Date: February 1, 2019

_____
BERYL A. HOWELL
Chief Judge